# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORI MOECK, in her capacity as parent and natural guardian of C.M. and A.M.; C.M., a minor; and A.M., a minor,<br>　　　　　Plaintiffs | : : : : : : : | No. 3:13cv1305<br><br>(Judge Munley) |
| v. | : : | |
| PLEASANT VALLEY SCHOOL DISTRICT; DOUGLAS C. ARNOLD, Superintendent of Schools, Pleasant Valley School District; ANTHONY A. FADULE, Assistant Superintendent of Schools, Pleasant Valley School District; JOHN J. GRESS, Principal, Pleasant Valley School District; MARK GETZ, Wrestling Coach Pleasant Valley School District,<br>　　　　　Defendants | : : : : : : : : : : : : : | |

## MEMORANDUM & ORDER

Before the court for disposition is the motion to sever the plaintiff's complaint filed by Defendants Pleasant Valley School District, Douglas Arnold, Anthony Fadule and John Gress (hereinafter "defendants")[1] motion to sever the plaintiffs' complaint. The motion has been fully briefed and is ripe for decision.

---

[1] One defendant, Mark Getz, did not join in the motion. For purpose of simplicity, we shall refer to the moving defendants merely as "defendants".

**Background**[2]

At all relevant times, C.M. and his sister A.M.[3] were members of Defendant Pleasant Valley School District's high school wrestling team. Defendant Getz is the coach of the wrestling team, and the other individual defendants are various school officials.

C.M. brings four causes of action relating to an incident that occurred on December 3, 2012. At that time, he weighed 145 pounds, and he was forced to wrestle another student who weighed 220 pounds. The larger student threw Plaintiff C.M. through a pair of double doors. Then an argument and physical altercation occurred between C.M. and Defendant Getz. C.M. suffered injuries and was taken to the hospital.

Based upon these factual allegations, C.M. asserts various civil rights claims including Fifth and Fourteenth Amendment claims for assault and battery and state created danger. C.M. also asserts state law claims for assault and battery and intentional infliction of emotional distress.

A.M. brings one cause of action based on facts relating to a pattern of sexual harassment, misogynist and homophobic insults and gender discrimination relating to her membership on the wrestling team. A.M.'s

---

[2]The parties are generally in agreement with regard to what plaintiff has alleged in the complaint. Therefore, we have omitted citations to the record.

[3]Pursuant to Local Rule 5.2(d)(2), initials are used to identify the minor children.

cause of action is brought under Title IX of the Education Amendments of 1972, specifically 20 U.S.C. § 1681(a), which prohibits discrimination in "any education program or activity receiving Federal financial assistance[.]"

Defendant has moved to sever plaintiff C.M.'s claims from Plaintiff A.M.'s claims pursuant to Rule 21 of the Federal Rules of Civil Procedure. The parties have briefed their respective positions, bringing the case to its present posture.

**Jurisdiction**

Because several of the plaintiffs' causes of action are brought under federal statutes, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the Plaintiff C.M.'s state law claims pursuant to 28 U.S.C. § 1367.

**Discussion**

Defendants view A.M.'s claim and C.M.'s claims as two separate unrelated cases. They argue that the two plaintiffs should be severed and two separate cases should proceed. After a careful review, we disagree.

The law provides that the court can sever a party's claims when they do not arise out of the same transaction, occurrence, or series of transactions or occurrences and their claims do not involve common questions of law or fact. Fed. R. Civ. P. 20(a)(1)(A) and (a)(1)(B) and Fed.

3

R. Civ. P. 21.

Specifically, the law provides: "Persons may join in one action as plaintiffs if . . . they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1)(A) and (a)(1)(B). "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21.

The defendants argue that the claims should be severed because they do not arise from the same transaction or occurrence and because no logical relationship exists between the plaintiffs' claims in that they do not involve the same questions of law or fact.

We disagree. At the present time, we find enough overlap in factual allegations of the plaintiff's causes of action to justify the claims being in one case. The plaintiffs are siblings, they are both wrestlers on the same high school wrestling team and they both allege that they were treated inappropriately. Additionally, joining the claims for discovery purposes should serve the convenience of the parties. Discovery may reveal commonalities between the two plaintiffs' claims or it may reveal that the A.M.'s claims are indeed different and separate from C.M.'s claims. Accordingly, we find it inappropriate to sever the case at this point.

4

Therefore, we will deny the defendants' motion without prejudice to bringing it again at or after the dispositive motion stage.

Accordingly, **AND NOW**, to wit, this 9th day of September 2013, the defendants' motion to sever (Doc. 19) is hereby **DENIED**.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**