## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORI MOECK**, **in her capacity** | : | **No. 3:13cv1305** |
| **as parent and natural guardian** | : | |
| **of C.M. and A.M.; C.M., a minor;** | : | **(Judge Munley)** |
| **and A.M., a minor,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PLEASANT VALLEY SCHOOL** | : | |
| **DISTRICT; DOUGLAS C.** | : | |
| **ARNOLD, Superintendent of** | : | |
| **Schools, Pleasant Valley School** | : | |
| **District; ANTHONY A. FADULE,** | : | |
| **Assistant Superintendent of** | : | |
| **Schools, Pleasant Valley School** | : | |
| **District; JOHN J. GRESS, Principal,** | : | |
| **Pleasant Valley School District;  and** | : | |
| **MARK GETZ, Wrestling Coach** | : | |
| **Pleasant Valley School District,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court for disposition is the plaintiffs' motion to disqualify Julia A. Levin, Esquire, Michael I. Levin, Esquire and the Levin Legal Group, P.C. as counsel for defendants.  The matter has been briefed and is ripe for disposition.

**Background**[1]

At all relevant times, C.M. and his sister A.M.[2] participated on Defendant Pleasant Valley School District's high school wrestling team. Defendant Getz was the coach of the wrestling team, and the other individual defendants are various school officials.

On December 3, 2012, an incident occurred with C.M. during wrestling practice. At that time, he weighed 145 pounds, and the coach forced him to wrestle another student who weighed 220 pounds. The larger student threw Plaintiff C.M. through a pair of double doors. Then an argument and physical altercation occurred between C.M. and Defendant Getz. C.M. suffered injuries and was taken to the hospital.

Based upon these factual allegations, C.M. filed the instant lawsuit asserting various civil rights claims including Fifth and Fourteenth Amendment claims for assault and battery and state created danger. C.M. also asserts state law claims for assault and battery and intentional infliction of emotional distress.

A.M. brings one cause of action based on facts relating to a pattern of sexual harassment, misogynist and homophobic insults and gender

---

[1]For purposes of this motion, these background facts are not in contention and citations to the record have been omitted.

[2]These plaintiffs are minors. Pursuant to Local Rule 5.2(d)(2), initials are used to identify the minor children.

discrimination relating to her membership on the wrestling team.  A.M.'s cause of action is brought under Title IX of the Education Amendments of 1972, specifically 20 U.S.C. § 1681(a), which prohibits discrimination in "any education program or activity receiving Federal financial assistance[.]"

Several defendants filed a motion to dismiss the case, which the court granted in part and denied in part.  (Docs. 38 & 39).   After the parties filed answers to the amended complaint, the court held a case management conference.  (Doc. 47).  The court set the case management deadlines at the conference and they were extended on May 1, 2014.  (Doc. 52).  The discovery deadline is currently August 29, 2014 and the dispositive motion deadline is September 29, 2014.  (Id.)

On May 28, 2014, the plaintiffs filed a motion to disqualify counsel. They seek to disqualify Julia A. Levin, Esquire (hereinafter "Ms. Levin") and Michael I. Levin, Esquire (hereinafter "Mr. Levin") and the firm of the Levin Legal Group, P.C. and all its attorneys and investigators from representing defendants in this action.  (Doc. 53).  Currently, these attorneys represent all the defendants except for Defendant Mark Getz.[3] The plaintiffs argue that the Levins are necessary witnesses in this case and as such they are not permitted to also serve as counsel.  The

---

[3]Thus, when we refer to "defendants" in the remainder of this memorandum we are referring to all the defendants except for Defendant Getz.

defendants oppose the motion to disqualify, and the parties have briefed their respective positions, bringing the case to its present posture.

**Legal Standard**

United States District Courts have the power to disqualify an attorney from representing a party in a case. See United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980).  This power derives from the court's "inherent authority to supervise the professional conduct of attorneys appearing before it." Id.  Generally, an attorney may be disqualified where his representation of the client would violate a rule of professional conduct or disciplinary rule.  The district court is to use its discretion in determining when to disqualify an attorney, but "the court should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule." Id.

In ruling on a motion to disqualify, a court "should consider the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions." Miller, 624 F.2d at 1201.  Plaintiffs, as the moving party, bear the burden of establishing that continued representation of the defendants by defense counsel would be impermissible. Reg'l Emp'rs Assurance Leagues

4

Volunteer Emps. Beneficiary Ass'n Trust v. Castellano, No. 03-6903, 2009 WL 1911671, at *2 (E.D. Pa. July 1, 2009).

**Discussion**

"Supervision of the professional conduct of attorneys practicing in federal court is a matter of federal law." United States v. Miller, 624 F.2d at 1200.  Regardless, "[s]tate precedents as to professional responsibility should be consulted when they are compatible with federal law and policy and do not 'balkanize federal law.'" Century Indem. Co. v. Congoleum Corp., 426 F.3d 675, 687 (3d Cir. 2005) (quoting Grievance Comm. for S. D.N.Y. v. Simels, 48 F.3d 640, 645 (2d Cir. 1995)). This court has adopted the Rules of Professional Conduct promulgated by the Supreme Court of Pennsylvania. L.R. 83.23.2.

In the instant case, the plaintiffs move for the disqualification of defense counsel on the basis that their continued representation would violate Pennsylvania Rule of Professional Conduct 3.7 which prohibits an attorney from advocating at trial if the attorney likely will be a necessary witness.  Rule 3.7 provides as follows:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>> (1) the testimony relates to an uncontested issue;
>> (2) the testimony relates to the nature and value of legal services rendered in the case; or

> (3) disqualification of the lawyer would
> work substantial hardship on the client.
> (b) A lawyer may act as advocate in a trial in
> which another lawyer in the lawyer's firm is
> likely to called as a witness unless precluded
> from doing so by Rule 1.7 or Rule 1.9.

PA. R. PROF'L CONDUCT R. 3.7.

The "Comment" to the rule indicates its purpose. "Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client." Rule 3.7, Comment. The trier of fact may be confused or misled when a lawyer serves as both an advocate and witness. An advocate is generally expected to explain evidence that is presented at trial by other witnesses, not to provide the evidence on the basis of personal knowledge himself. Id.

Plaintiffs allege that defense counsel took part in the investigation of the claims that they made against the school district prior to filing the lawsuit. Specifically, plaintiffs claim that:

- Plaintiff Lori Moeck complained to the school district about sexually inappropriate statements made by Defendant Getz and Ms. Levin was present. (Doc. 53, Mot. To Disqualify at ¶¶ 8-11).

- Mr. Levin represented the school district in the school district's investigation into the allegations regarding Defendant Getz's inappropriate behavior involving immorality, cruelty, intemperance, negligent

performance of his job duties, and failure to comply with Pennsylvania school laws.  Specifically, plaintiffs allege Mr. Levin  took part in a hearing, known as a <u>Loudermill</u> hearing, dealing with these issues. (<u>Id.</u> ¶¶ 11-14).

- While investigating the allegations regarding Plaintiff C.M., Ms. Levin "requested and obtained" hand-written accounts from students who witnessed the incident.  (<u>Id.</u> ¶¶ 19-20).

- Both Mr. and Ms. Levin took part in various other witness interviews where they indicated that they had been retained to represent the school district and investigate the allegations against Defendant Getz.

Plaintiffs allege that their claims arise from defendants' "failure to establish a system which properly identifies, reports and/or investigates and remediates instances of improper conduct, and thereby, permitted, encouraged and tolerated a pattern and practice of employees, officials, and agents, including Defendant Getz, in abusing their authority."  (<u>Id.</u> ¶ 6). Because the defendants' attorneys took part in the school's investigatory system, they "have now become key witnesses in this matter, and therefore, must be disqualified as counsel for the School Defendants."  (<u>Id.</u> ¶ 23).

Plaintiffs are correct that their amended complaint does make such an allegation regarding the school district's inappropriate "investigation". (Doc. 37, Am. Compl. ¶ 104).  As set forth more fully below, although

7

defense counsel may have had some role in the investigation, their disqualification from the instant case is not appropriate.

Defendants oppose the motion in several ways.  First, they assert it should be denied because of several procedural shortcomings, for example, the motion does not include a certificate of concurrence/non-concurrence.  We will not deny the motion for this reason.  The plaintiffs are directed, however, to comply with all the procedural rules with regard to any subsequent motions they may file.

Next, the defendants argue that the motion raises not only the issue of disqualification of the attorneys, but that it also raises discovery issues. The correct manner in which to raise discovery matters is to contact the court and request a discovery conference.  Therefore, according to the defendants these discovery issues should be denied.  We agree that the plaintiffs have improperly raised these issues.  We will deny the portion of the motion raising discovery issues without prejudice to the plaintiffs requesting a discovery conference in the proper manner.

Third, defendants argue that the motion to disqualify should be denied because counsel are not necessary witnesses, trial is not involved at this point and they have no intention of testifying at trial.   We agree with the defendants that defense counsel are not necessary witnesses, and we

will deny the motion to disqualify.[4]

As noted above, plaintiffs assert that Ms. Levin requested and obtained hand-written accounts of students who witnessed the incident with Plaintiff C.M. and Defendant Getz.  In their opposition to the motion, the defendants claim that this concern is factually inaccurate and that Ms. Levin had no involvement in obtaining the witness reports.  (Doc. 58-2, Arnold Aff. ¶¶ 5-6; Fadule Aff. ¶¶ 5-6; Gress Aff. ¶¶ 5-6).  In their reply to the defendants' opposition, the plaintiffs do not address this evidence.  We find, therefore, that for purposes of this motion, the defendants have established that Ms. Levin was not involved in requesting and obtaining the hand-written student accounts.  Accordingly, this argument does not provide a basis for counsel's disqualification.

The plaintiffs also complain that Ms. Levin was present at witness interviews in March 2013.  Ms. Levin, however, did not conduct these interviews alone.  Rather, she assisted Fadule and Gress in conducting the interviews.  (Doc. 58-2, Arnold Aff. ¶ 12; Fadule Aff. ¶ 12; Gress Aff. ¶ 10).  Thus, two people besides Ms. Levin attended these interviews.  Ms. Levin is therefore not a necessary witness regarding these interviews.  To the

---

[4]Defendants raise the following two additional issues: should the motion be denied because the plaintiffs delayed more than a year in filing it and should the motion be denied as it was filed for no other reason than to delay this matter.  Because we will deny the motion on its merits we need not address these two issues.

extent that these interviews are relevant, Fadule and or Gress could testify regarding them.  Testimony from Ms. Levin would merely be cumulative. Ms. Levin's presence at these interviews therefore does not render her a necessary witness and does not support granting plaintiffs' motion to disqualify counsel.

Finally, plaintiffs assert that Mr. Levin represented the school at the Loudermill hearing.  Plaintiffs have provided no convincing reason as to why counsel should be disqualified merely because he represented the school district at this hearing.  Defendants indicate that the hearing was stenographically recorded, and if it becomes relevant to the plaintiffs' claims, a hearing transcript exists.  Plaintiff's assertion, therefore, does not support the motion for disqualification.[5]

**Conclusion**

Plaintiffs' motion for disqualification will be denied.  They have not established that defense counsel has any type of personal knowledge regarding the incident that gave rise to Plaintiff C.M.'s claims or the alleged sexual harassment involved in Plaintiff A.M.'s claims. They have no information that could not be produced through other witnesses.  It appears

---

[5]The plaintiffs also argue that Mr. Levin exhibited bias in the questioning of one of the plaintiffs during her deposition.  We are not convinced that actions during the litigation, i.e., at a deposition, have any relevance to the claims in plaintiffs' amended complaint or the motion to disqualify.

that defense counsel was merely performing as counsel for the school

district defendants in their interviewing witnesses and taking part in the

Loudermill hearing.[6]  No reason exists to disqualify counsel and the

plaintiffs' motion will be denied.   An appropriate order follows.


Date: July 9, 2014                    s/ James M. Munley
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**

---

[6]Now that the court has ruled upon the motion for disqualification, it is
expected that counsel will work together in a spirit of collegiality to resolve
any outstanding discovery issues.  If after attempting to resolve the issues,
it appears that such resolution is impossible, the parties are instructed to
follow the court's discovery rule.  (See Doc. 48, Case Management Order
(directing counsel "not to file written discovery motions.  In the event of a
discovery dispute, counsel shall notify the Case Administrator, Sylvia
Murphy, who shall schedule a telephonic discovery conference.")).