**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LORI MOECK, et al. | |
| Plaintiffs | CIVIL ACTION NO. 3:13-CV-1305 |
| v. | (MUNLEY, J.) |
| | (MEHALCHICK, M.J.) |
| PLEASANT VALLEY SCHOOL DISTRICT, et al. | |
| Defendants | |

**MEMORANDUM OPINION**

Pending before the Court is the Motion for Sanctions (Doc. 68) filed by Defendants, Douglas C. Arnold, Anthony A. Fadule, John J. Gress, and the Pleasant Valley School District. This motion is fully briefed and ripe for disposition.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

This case was initiated on May 9, 2013 when Plaintiffs Lori Moeck, C.M., and A.M. (hereinafter referred to together as the "Plaintiffs") filed the Complaint against Pleasant Valley School District ("School District"), Dr. Douglas Arnold ("Dr. Arnold"), Mr. Anthony Fadule ("Fadule') and Mr. John Gress ("Gress") (hereinafter referred to together as "Defendants")[1] and Defendant Mark Getz ("Getz"). On August 5, 2013, the Plaintiffs filed a proposed Amended Complaint, which was docketed on November 14, 2013 (Doc. 37).

---

[1] Defendant Getz concurs in the Defendants' motion.

The procedural background pertinent to the motion for sanctions is as follows: Plaintiffs' deposition was scheduled for May 22, 2014. Shortly before the end of the work day on May 21, 2014, counsel for the Plaintiffs unilaterally sought to postpone the deposition of Plaintiff C.M. In his email seeking the postponement, sent at 3:42 p.m. on the day before the deposition was to take place (Doc. 68-4 at p. 45), counsel, for the first time, contended that there was a conflict of interest in defense counsel's continued representation of the School District Defendants. Over defense counsel's objections, counsel and Plaintiff C.M. did not appear for the May 22, 2014 deposition. Defendants, their counsel, and a court reporter appeared for the deposition as scheduled. Plaintiffs contend that they did not unilaterally postpone the deposition, or fail to appear at the deposition, and further contend that they provided ample notice that the deposition would be postponed due to the conflict of interest issue.

On May 28, 2014, Plaintiffs filed a motion to disqualify counsel for Defendants. On June 9th, counsel for the Plaintiffs advised defense counsel that he would not participate in depositions scheduled in June 2014. On July 9, 2014, the motion to disqualify was denied. (Doc. 63 and Doc. 64). Defendants seek sanctions on the basis of Plaintiffs' counsel refusal to participate in any depositions in June 2014, Plaintiffs' filing of the "frivolous" motion to disqualify counsel, and Plaintiffs' counsel and C.M.'s failure to attend C.M.'s deposition, which they aver was the "last straw" in a series of alleged transgressions[2] by Plaintiffs' counsel.

---

[2] The alleged transgressions include providing the full names of his minor clients, C.M. and A.M. in the Civil Cover Sheet attached to the Complaint; serving interrogatories to the School District Defendants prior to serving Plaintiffs' Initial Disclosures; initiating the telephonic case management conference call late; sending responses to interrogatories and
*(footnote continued on next page)*

Defendants generally seek sanctions pursuant to Fed. R. Civ. P. 37(d)(1)(A)(i) and Fed. R. Civ. P. 37(d)(3).[3]

II.   **DISCUSSION**

Sanctions are appropriate when a party, after being served with proper notice, fails to appear for a deposition. Fed.R.Civ.P. 37(d)(1)(A). Failure to appear "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order...." Fed.R.Civ.P. 37(d)(2).  Specifically, Federal Rule of Civil Procedure 37(d) states as follows:

> **(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**
>
> (1) **In General**.
>
> (A) *Motion; Grounds for Sanctions*. The court where the action is pending may, on motion, order sanctions if:

---

requests for production late, and never requesting an extension of time to respond, and then sending the responses unverified; not responding to requests for production of social media posts and texts in a timely manner; filing a "frivolous" motion to disqualify, in which Plaintiff's counsel failed to include a certification of concurrence, a table of contents for exhibits, failed to redact minor C.M.'s name, failing to include a Procedural History of the Case, a Statement of Facts, and a Statement of Questions, and failing to comply with other procedural rules; failing to respond to a letter attempting to resolve discovery issues; inappropriately filing a Reply Brief to the instant Motion for Sanctions, in violation of Local Rule 7.6; incorporating the body of the Reply Brief the proposed order instead of filing it as an attachment as required; arriving an hour and fifteen minutes late to C.M.'s deposition despite having received the Deposition Notice and emails indicating that the deposition was scheduled to begin at 9:00 a.m.

[3] Defendants' Motion avers that the Court may order sanctions pursuant to Fed. R. Civ. P. 37(d)(1)(A)(i) and reasonable expenses pursuant to Fed. R. Civ. P. 37(d)(3), and requests that this Court grant its Motion for Sanctions. (Doc. 68 at p. 11).

(i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or

(ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

(B) *Certification*. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

(2) **Unacceptable Excuse for Failing to Act**. A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

(3) **Types of Sanctions**. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d).

The orders that may be included as sanctions under subsection (b)(2)(A) of Rule 37 are (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

4

A. Grant of Sanctions Against the Plaintiff

First, it is undisputed that Plaintiff C.M. and Plaintiffs' counsel did not appear for the deposition scheduled on May 22, 2014. Further, there is no dispute that Plaintiff and Plaintiffs' counsel did not file a motion for a protective order to prevent the deposition from taking place. Additionally, though Plaintiffs' counsel claims that he did not appear at the deposition because of a purported conflict of interest in the School District Defendants' counsel's representation of the parties, he had not yet filed any motion to disqualify counsel.

Federal Rule of Civil Procedure 30(g) states that "a party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to attend and proceed with the deposition". Fed. R. Civ. P. 30(g)(1). Federal Rule of Civil Procedure 37(d) provides that a court may order sanctions if "a party ... fails, after being served with proper notice, to appear for that person's deposition." Fed.R.Civ.P. 37(d)(1) (A)(i). The rules provide that a court may, but need not, award sanctions. The Third Circuit Court of Appeals has interpreted this to mean that a district court has broad discretion in determining whether sanctions are warranted under either statute. See Fed.R.Civ.P. 30, 37; *Kibbie v. Experian*, 3:08-CV-1804, 2010 WL 4643875 (M.D. Pa. Nov. 9, 2010); *Bowers v. Nat'l Coll. Athl. Ass'n*, 475 F.3d 524, 538 (3d Cir.2007) ("The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court.").

The Third Circuit has also provided a list of factors for district courts to consider in determining whether extreme sanctions, such as the dismissal, are warranted, but those factors also shed light upon whether lesser sanctions should be ordered. *Kibbie v. Experian*, 3:08-CV-1804, 2010 WL 4643875 (M.D. Pa. Nov. 9, 2010). Those factors are 1) the extent of the party's

5

personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Kibbie v. Experian*, 2010 WL 4643875; *citing Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984); *see also Ali v. Sims*, 788 F.2d 954, 957 (3d Cir.1986) (applying *Poulis* factors to Rule 37 sanctions other than dismissal); *Campbell-Bieber v. May*, 4:CV-07-0827, 2008 WL 4072587 (M.D. Pa. Aug. 27, 2008) (plaintiff ordered to pay defendant's reasonable attorney's fees and expenses incurred incident to plaintiff's unjustified failure to appear for her deposition.)

With regard to the first factor, the extent of the party's personal responsibility, there is no evidence to reflect that the party himself was responsible for his failure to appear at the deposition. Rather, the record establishes that the decision not to appear was made by his counsel. As such, this factor weighs against an award of sanctions.

With regard to the second factor, the Court finds that there is prejudice to the Defendants resulting from Plaintiff's failure to appear at the May 22, 2014 deposition, and Plaintiffs' counsel refusal to participate in depositions in June 2014. Specifically, partly due to these actions, the discovery deadline has had to be extended by an additional sixty days. (Doc. 86). Additionally, Defendants expended time to appear for the deposition despite Plaintiff not appearing. A court reporter was also retained and appeared for the deposition. Thus, this factor weighs in favor of sanctions.

The third factor, the existence of a history of dilatoriness, does not weigh in favor of sanctions. Although the transgressions cited by Defendants, described in footnote 2, *supra*, are

6

largely admitted to by Plaintiffs, most of them are picayune. While these items indicate a rather laissez-faire attitude towards timeliness and possibly towards the Local and Federal Rules of Civil Procedure pertaining to the form of motions and briefs, at this juncture, standing alone, they do not weigh in favor of sanctions. Additionally, while Defendants continue to contend that the motion to disqualify (Doc. 53) was frivolous, there is no such finding in the Court's discussion and denial of the motion. (Doc. 63 and Doc. 64).

With regard to the fourth *Poulis* factor, the Third Circuit has held that willfulness involves "strategic," "intentional or self-serving behavior." *Kibbie v. Experian*, 3:08-CV-1804, 2010 WL 4643875 (M.D. Pa. Nov. 9, 2010); *citing Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir.1994). Mere "inexcusable negligent behavior" is not willful. *Kibbie v. Experian*, 2010 WL 4643875. The Court finds that this factor weighs in favor of sanctions. As stated above, Plaintiffs' counsel advised Defendants on the eve of the deposition at issue that for the first time, he believed there may be a conflict of interest issue in the case, and that he would not be appearing. Counsel for the Defendants advised that the deposition was going forward. Counsel for the Plaintiffs, along with his client, failed to appear for the deposition. Notably, Plaintiffs did <u>not</u> file any motion for a protective order seeking to stop the deposition. Even if Plaintiffs had filed such an order, at such a late hour, Plaintiffs still had an obligation to appear for the deposition or face sanctions. *See Stephen L. LaFrance Holdings, Inc. v. Sorensen*, 278 F.R.D. 429, 435-36 (E.D. Ark. 2011) (court awarding sanctions after finding that the burden is on the movant to obtain a ruling on a motion to quash before cancelling a deposition, and given the timing of the filing of a motion to quash on the eve of the deposition, the plaintiff could hardly have expected in good faith to receive a court order excusing her attendance.); *see also Covad Commc'ns Co. v. Revonet, Inc.*, 267 F.R.D. 14, 24 (D.D.C. 2010)

(defendant entitled to reasonable expenses, including attorneys' fees, associated with Plaintiff's failure to appear for the deposition, where defendant clearly indicated that it planned to go forward with the deposition despite plaintiff raising concerns about the same.) It is clear from the evidence before this Court that Defendants were clear in their position that they intended the deposition to go forward, and that Plaintiff and his counsel willfully failed to appear. As such, this factor weighs in favor of sanctions.

The fifth factor to be considered by the Court is the effectiveness of sanctions other than dismissal. The Court notes that Defendants are not specifically seeking dismissal of this case. None of the circumstances in this case demonstrate the "flagrant bad faith" justifying dismissal as a sanction, nor do they meet the factors considered by the Third Circuit for judging the appropriateness of sanctions. *Lozano v. City of Hazleton*, 241 F.R.D. 252, 257 (M.D. Pa. 2007); *see Ali v. Sims*, 788 F.2d 954, 958 (3d Cir.1986) (reversing discovery sanctions because failure to respond to interrogatories was the result of a long delay in the case and a change in defense counsel, not "flagrant bad faith.") The Court finds sanctions other than dismissal in this case to be effective and more appropriate. *See Bergeron v. Leo Inns, Inc.*, 87 F.R.D. 486, 486-87 (M.D. Pa. 1980) (where defendant did not communicate at all to plaintiff that he would not appear at the deposition, but it appearing that both parties are to varying degrees at "fault" for this failure to depose, the harsh sanction of preventing defendant from opposing plaintiff's claim is not warranted, but defendant is directed, however, to pay reasonable attorney's fees for the preparation of the motion for sanctions and accompanying brief concerning the deposition.)

Finally, with regard to the sixth factor, the meritoriousness of the claims at stake here, the Court does not have the benefit of a motion for summary judgment before it, and is unable

to make a determination as to the merits of Plaintiffs' claims. Therefore, the Court finds that this factor weighs against sanctions.

Based on the foregoing, the Court does not find that dismissal of Plaintiffs' case is warranted. However, the Court does find that Defendants' Motion (Doc. 68) should be granted, and alternative sanctions, less drastic than dismissal of Plaintiffs' case, will suffice in this case. The Court concludes that the imposition of a limited award of costs and attorney fees is an adequate sanction for the conduct at issue, and should serve to deter further abuses by the Plaintiffs and their counsel.

### B.  AWARD OF COSTS AND ATTORNEY FEES

"The traditional American rule is that each party to litigation bears its own costs, including attorney's fees." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 193 (3d Cir. 1988). Over the years, however, several statutes and rules have been adopted to create exceptions to the general rule against fee-shifting. *See Doering*, 857 F.2d at 193. Several of them apply in this case to permit the Court, in the exercise of its discretion, to impose an award of costs and attorney fees as a sanction for the Defendants' discovery misconduct. *See* 28 U.S.C. § 1927; Fed. R. Civ. P. 26(g)(3); Fed. R. Civ. P. 30(d)(2); Fed. R. Civ. P. 37(a)(5); Fed. R. Civ. P. 37(b)(2)(C); Fed. R. Civ. P. 37(c)(1)(A); Fed. R. Civ. P. 37(d)(3).

The *Poulis* factors do not apply to monetary sanctions such as an award of costs and attorney fees. *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, __ F.3d ___, 2014 WL 2883891, at *5 n.14 (3d Cir. June 26, 2014); *see also Knoll*, 707 F.3d at 410 ("[W]hen sanctions do not preclude *all* claims or defenses such that a party still has her day in court, *Poulis* does not apply."). "Where a district court decides to award a monetary sanction, such as attorney's fees, the total amount of such a sanction (as well as the initial decision whether to impose such a

sanction) should be guided by equitable considerations." *Doering*, 857 F.2d at 195. The amount of a monetary sanction should be specifically related to expenses incurred as a result of the violations. *See Martin v. Brown*, 63 F.3d 1252, 1263 n.15 (3d Cir. 1995). But a court nevertheless "may decide that the circumstances warrant imposition of only part of the adversary's expenses or perhaps only a reprimand." *Doering*, 857 F.2d at 195.

With these principles in mind, the Court concludes that the following is an appropriate sanction for the failure of Plaintiff and his counsel to appear for the deposition scheduled for May 22, 2014. Defendants are awarded One Thousand Dollars ($1,000.00) in compensation for Defendants' expenses and fees incurred for appearing for the May 22, 2014 deposition, including any costs incurred by the court reporter, and expenses and fees incurred by the Defendants in preparation of the instant Motion for Sanctions and Brief in Support thereto. *See Campbell-Bieber v. May*, 2008 WL 4072587 (M.D. Pa. Aug. 27, 2008); *Stephen L. LaFrance Holdings, Inc. v. Sorensen*, 278 F.R.D. 429, 435-36 (E.D. Ark. 2011); *Covad Commc'ns Co. v. Revonet, Inc.*, 267 F.R.D. 14, 24 (D.D.C. 2010).  Plaintiffs' counsel shall be responsible for the payment of these sanctions within thirty (30) days from the date of the Order accompanying this memorandum.

C. REPRIMAND

In addition, Plaintiffs' counsel is reminded that practice before this Court is governed both by the Pennsylvania Rules of Professional Conduct and the Middle District of Pennsylvania Code of Professional Conduct. L.R. 83.23.2 (adopting Pa. R. Prof'l Conduct and Middle District of Pennsylvania Code of Professional Conduct). Counsel's attention is directed to the following specific provisions and admonished to incorporate them into their professional practice, at least in connection with any litigation before this Court:

10

1. "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client." Pa. R. Prof'l Conduct 3.2.

2. "I will treat with civility and respect the lawyers, clients, opposing parties, the court and all the officials with whom I work. Professional courtesy is compatible with vigorous advocacy and zealous representation. Even though antagonism may be expected by my client, it is not part of my duty to my client." L.R. app. C ¶ 2 (Middle District of Pennsylvania Code of Professional Conduct).

3. "I will earnestly attempt to resolve differences through negotiation, expeditiously and without needless expense." L.R. app. C ¶ 6.

4. "Procedural rules are necessary to judicial order and decorum. I will be mindful that pleadings, discovery processes and motions cost time and money. I will not use them heedlessly. If an adversary is entitled to something, I will provide it without unnecessary formalities." L.R. app. C ¶ 7.

III.   **CONCLUSION**

Based on the foregoing, though the Court does not find that dismissal of Plaintiffs' action is appropriate, the Court does find that sanctions are warranted for Plaintiffs' counsel and his client's failure to appear at the scheduled deposition. As such, Defendants' Motion (Doc. 68) is **GRANTED**.

An appropriate Order will follow.

Dated: September 10, 2014            *s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

11