UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI MOECK, et al., <br><br>           Plaintiffs <br><br>      v. <br><br>PLEASANT VALLEY SCHOOL DISTRICT, et al., <br><br>           Defendants | CIVIL ACTION NO. 3:13-CV-1305 <br><br>(MUNLEY, J.) <br>(MEHALCHICK, M.J.) |

### MEMORANDUM OPINION

Pending before this Court is a Motion to Determine the Sufficiency of Plaintiffs' Responses and/or Objections filed by the School District Defendants with respect to one-hundred and fifty-six (156) Requests for Admissions[1] (Doc. 69) filed by Defendants.[2] Specifically, Defendants request this Court to deem these requests as admitted. (Doc. 69). The Defendants additionally request the Court to compel Plaintiff to pay the School District Defendants' costs for bringing this motion. (Doc. 69). Plaintiffs contend that their responses to the requests for admissions satisfy the requirements of Federal Rule of Civil Procedure 36(a). (Doc. 70). For the reasons provided below, Defendants' motion is **GRANTED** in part and **DENIED** in part. Defendants' motion to impose sanctions is deferred.

---

[1] Plaintiffs agreed to a waiver of the limit on the number of requests for admission in a Joint Case management Plan dated January 6, 2014.

[2] Defendants have additionally requested this court to require Plaintiff to pay costs and attorney's fees associated with bringing the Motion to Determine the Sufficiency of Plaintiff's Responses pursuant to Federal Rule of Civil Procedure 37(a)(5). (Doc. 72). This is addressed separately.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Defendants served Requests for Admissions on Plaintiff on February 19, 2014, (Doc. 69) and Plaintiffs responded to those requests on April 4, 2014, two weeks after the thirty (30) day deadline. (Doc. 69). Defendants then allowed Plaintiffs numerous opportunities to file an amended response. (Doc. 69).[3] Plaintiffs refused to amend the responses in a letter dated May 16, 2014. (Doc. 69).[4] Subsequently, Defendants filed a Motion to Determine the Sufficiency of Responses and/or Objections to Requests for Admissions, and now seeks to have this Court deem the requests for admission as admitted. (Doc. 69).

II. **DISCUSSION**

A. **LEGAL STANDARD**

Federal Rule of Civil Procedure 36(a) governs requests for admissions and specifically addresses the procedure for denying requests or qualifying partial admissions or denials. It provides, in relevant part:

> The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

---

[3] To date, there has not been a Court-ordered amendment of the responses.

[4] This Court has not included the history of contentious correspondence between the parties as it is not relevant to a determination of the sufficiency of the responses.

Fed.R.Civ.P.36(a). The purpose of the Rule is to "narrow the issues for trial to those which are genuinely contested." *United Coal Cos. v. Powell Const. Co.*, 839 F.2d 958, 967 (3d. 1988) (citations omitted). Once a party has submitted answers or objections to a request, the requesting party may seek a judicial determination of the sufficiency of the answers. If the court concludes the party failed to comply with Rule 36, the Court has discretion to "order the matter admitted or . . . compel the party to amend its answer to the admission." *Philadelphia Gear Corp. v. Techniweld, Inc.*, Civ.A.No.90-5671, 1992 WL 99622, at * 2 (E.D. Pa. May 1, 1992). The responses at issue here have been grouped into three categories.[5] Each category is discussed in turn.

    B. <u>RESPONSES THAT REFUSE TO ADMIT OR DENY REQUESTS WITH ATTACHED EXHIBITS.</u>

This category pertains to requests for admission that specifically ask about information included in attached exhibits. Responses to requests with attached exhibits that fall within this category include the following: 1, 2, 21, 22, 23, 35, 56, 131, 134, 135, 136, 137, 144, 149, 250, 151, 152, 154, 155, and 156. (Doc. 69). These responses neither admit nor deny the request, but rather include the following statement: "Plaintiff has made a reasonable inquiry into the information readily available to it and that information is insufficient to enable the Plaintiff to admit or deny." (Doc. 69).

---

[5] Defendants arranged the responses into four groupings, but given that the Plaintiff utilizes the same types of responses for each request, this Court has categorized the responses into three main categories for purposes of discussion.

At issue is whether Plaintiffs improperly claimed that they lacked sufficient information after "reasonable inquiry" to enable them to admit or deny a request. Pursuant to Rule 36, an answering party may not give lack of information as a reason for failure to admit or deny unless the party states that a reasonable inquiry has been made and that the "information known or readily obtainable to the party is insufficient to enable the party to admit or deny." Fed.R.Civ.P. 36(a). However, mere superficial inclusion of that statement does not excuse the answering party from actually conducting a reasonable inquiry. In particular, "a party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him." 8 c. Wright & A. Miller, Federal Practice and Procedure, 2262 at 731 (1970). "Reasonably available," in the context of requests for admission, includes "investigation and inquiry of any of [plaintiff's] . . . personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response. In this connection, relevant documents and regulations must be reviewed as well." *Kutner Buick, Inc. v. Crum & Foster Corp.*, Civ.A.No. 95-1268, 1995 WL 508175, at *3 n. 2 (E.D. Pa. Aug. 24, 1995). Thus, "at the conclusion of discovery, [plaintiff] reasonably should possess the information necessary unambiguously to admit or deny these statements . . . [If plaintiff is unable to, plaintiff] must elaborate on the specific unknown facts which prevent it from admitting or denying the statement at this time." *Philadelphia Gear Corp., Inc.*, 1992 WL 99622, at *2. Accordingly, the Court can order admitted matters which the Plaintiffs have failed to admit or deny, where the information known or readily obtainable after reasonable inquiry was sufficient to enable the answering party to admit or deny.

1. **Requests that will be deemed admitted.**

Here, the Court has reviewed this category of responses and finds responses to requests 1, 2, 21, 35, 40, 130, 131, 132, 133, 134, 135, 144, 149, 150, 152, 153, 154, 155 and 156 to be insufficient due to the availability of the information provided to Plaintiffs in the form of attached exhibits. These requests explicitly call for an unequivocal answer. For example, the first request asks Plaintiffs to admit that "Arnold was Superintendent of the School District from July 3, 2007 until his retirement on July 31, 2013" and includes as an attachment, Arnold's curriculum vitae. (Doc. 69). The curriculum vitae contains the information necessary to admit or deny the statement. Thus, because the information was reasonably available to Plaintiff, enabling him to unequivocally admit or deny, these requests will be deemed admitted.

2. **Requests that Plaintiff will be given leave to amend.**

As for requests 56, 136, 137, 139, and 140, the Court finds that the requests with reference or attached exhibits either do not provide information enabling Plaintiffs to unambiguously affirm or deny or are exhibits that were not attached to the Motion for the Court's review. (Doc. 69). In particular, this subcategory of requests for admission primarily call for Plaintiffs to attest to policies and procedures implemented or maintained by Defendants, or to confirm that certain documents were used by Defendants in effectuating their policies.[6] These types of requests are beyond the scope of information readily available to the Plaintiffs in

---

[6] For example, Request Number 136 asks Plaintiffs to admit that "[a]fter considering the evidence available to it, including Getz's responses to the allegations against him, Arnold, the then Superintendent of the School District, determined to impose the discipline and take the actions stated in the letter sent to Getz on April 16, 2013, a copy of which is attached hereto as Exhibit D-61."

5


the form of attached exhibits, as those requests fall within the first-hand knowledge of the Defendants. Nevertheless, Plaintiffs' responses are insufficient in that Plaintiffs failed to offer a detailed explanation as to why the request cannot be unambiguously affirmed or denied. Plaintiffs have an obligation to offer a detailed explanation to that point in addition to complying with the formalities of Rule 36. In particular:

> At this point in the litigation, the conclusion of discovery, defendant reasonably should possess the information necessary unambiguously to admit or deny these statements. If not, defendant must elaborate on the specific unknown facts which prevent it from admitting or denying the statement at this time. The mere recitation of Rule 36 language regarding a party's inability to answer is not adequate.

*Philadelphia Gear Corp.*, 1992 WL 99622, at *2.

Given that the discovery deadline has been extended to October 28, 2014 (Doc. 86), primarily for the purpose of compelling depositions and addressing redaction of student records, Plaintiffs must "elaborate on the specific unknown facts," rather than relying on a mere recitation of Rule 36 language. Thus, at this point, Plaintiffs have a higher obligation to furnish more details as to why it cannot provide unequivocal answers to these requests.[7] Because Plaintiffs did not meet their obligation in responding, this court will give Plaintiffs fourteen (14) days leave to file amended responses. Within seven (7) days of receiving the amended responses, Defendants must file the appropriate motion directing this Court to determine the

---

[7] Conversely, statements 21, 22, 23, and 55 are sufficient, as Plaintiffs have supplemented the response with a further explanation as to why the statement cannot be admitted or denied even with the available exhibits. Thus, the Court will not deem these requests as admitted, as the supplemental responses are adequate, given the nature of the requests.

sufficiency of those amended responses, or alternatively, must inform the court that it will not be filing a motion.

### C. RESPONSES OBJECTING TO REQUESTS WITHOUT ATTACHED EXHIBITS.

Responses to requests that fall within this category include the following: 10, 12, 14, 15, 16, 17, 18, 19, 20, 31, 32, 34, 50, 51, 53, 57, 141, 142, 146, 148 and 150. (Doc. 69). These responses not only include various objections, but also provide "lack of information" as a response. The sufficiency of these responses are evaluated separately, as they do not respond to requests that contain attached or referenced exhibits. As stated above, at this stage in discovery, providing "lack of information" as a response without providing details as to why an unequivocal response cannot be given, is insufficient. However, these responses also include several objections that this Court has evaluated.

In considering the sufficiency of these responses, it is necessary to note at the outset that the request for admission:

> should be in simple and concise terms so it can be denied or admitted with an absolute minimum of explanation or qualification. A request for an admission should be such that it could be answered yes or no. To compel answers to vague and indefinite questions capable of more than one interpretation and which require an explanation thwarts the purposes of Rule 36(a).

*Zen Invs., LLC v. Unbreakable Co.*, No. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) (citations omitted).

As it relates to objections to the form of a request on the basis that it "involves central factual issues" (Doc. 69), this Court finds this type of objection to be inapplicable. Requests are properly objected to when the requests "ask for legal conclusions, are grammatically resistant to a yes or no answer, or ask for the ultimate decision in the case." *Hill v. Lappin*, No.3:10-CV-1743, 2012 WL 2049570, at *5 (M.D. Pa. June 6, 2012) Here, Defendants' questions did not

embrace "multiple, independent propositions, many of which assumed the ultimate issues at dispute in this lawsuit," nor were they "framed in the nature of legal assertions." *Hill v. Lappin,* 2012 WL 2049570, at *5.

As it relates the responses to the requests for admission that object on the basis of vagueness, over breadth or relevancy, this Court finds that the requests are not vague, overbroad or irrelevant and should be answered. To the extent that Plaintiffs object to certain assumptions of facts made in the request, the Plaintiffs may "qualify his answer based on his understanding of the facts." *First Options of Chicago, Inc. v. Wallenstein*, *3 (citation omitted). In doing so, Plaintiffs have the obligation to answer "as far as possible with appropriate qualification or explanation, rather than object[ ] to [the request] entirely." *Id.* (quoting *Audiotext Commc'ns Network, Inc. v. U.S. Telecom., Inc.*, No. Civ. A. 94-2395-GTV, 1995 WL 625744, at *3 (D.Kan. Oct. 5, 1995). Plaintiffs did not do so here. However, this Court will grant Plaintiffs fourteen (14) days leave to amend their responses. Defendants will have seven days to file an appropriate motion contesting the sufficiency of those amended responses.

D. RESPONSES THAT DENY REQUESTS FOR ADMISSION.

Responses to requests that fall within this category include the following: 4,5 6, 7 9, 11,27, 28, 29, 37, 38, 39, 41, 42, 43, 46, 47, 48, 49, 52, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, and 129. (Doc. 69). These responses typically object to the form of the request, then indicate that the "Plaintiff lacks the information or knowledge necessary to admit or deny the[ ] request for admission," and

additionally include the following statement: "To the extent that a response is required, Plaintiff denies this request for admission." (Doc. 69).

As stated above, "[t]he purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested". See *Webb v. Westinghouse Elec. Corp.*, 81 F.R.D. 431, 436 (E.D.Pa.1978); *United States v. Watchmakers of Switzerland Info. Ctr, Inc.*, 25 F.R.D. 197, 201 (S.D.N.Y.1959). Where "issues in dispute are requested to be admitted, a denial is a perfectly reasonable response." See, e.g., *Cont'l Cas. Co. v. Brummel*, 112 F.R.D. 77, 81–82 n. 2 (D.Colo.1986); *Kleckner v. Glover Trucking Corp.*, 103 F.R.D. 553, 557 (M.D.Pa.1984). However, the form of the response should "specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Fed.R.Civ.P. 36(a). Further, "answers that appear to be nonspecific, evasive, ambiguous and appear to go to the accuracy of the requested admissions rather than the 'essential truth' contained therein are impermissible and must be amended." *Caruso v. Coleman Co.*, Civ. A. No. 93-CV-6733, 1995 WL 347003, at *3 (E.D. Pa. June 7, 1995).

Here, despite their redundant, "kitchen sink" approach, Plaintiffs do include a specific denial with a detailed explanation as to why they deny the request for each of the abovementioned requests. For example, in response to the statement, "Gress was never a management level employee for the School District," Plaintiffs provide the following: "[t]o the extent that a response is required, Plaintiff denies this request for admission, as Plaintiff avers that in his capacity of School Principal, Gress was and is at the management level for the PVSD." (Doc. 69). That denial goes to the "essential truth" of the request. Additionally, in response to the statement, "[t]he School District was not required under applicable law to accept girls onto the boys wrestling team," Plaintiffs respond: "Denied. See Title IX." (Doc.

69). Again, Plaintiffs have specifically denied the request and has provided the applicable law under which it relied on that denial. Thus, these requests will not be deemed admitted.

### E. RULE 37(A)(5) SANCTIONS

Defendants have also requested that this Court impose sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5). Rule 37(a)(5)(A) states, in relevant part:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5).

Because this Court has given Plaintiffs leave to amend, it will defer ruling on Defendants' request to order Plaintiffs to pay attorney's fees and costs until Plaintiffs have submitted their amended responses. At that point, the Court will then consider all responses and order sanctions if appropriate.

### F. CONCLUSION

For the foregoing reasons, Defendants' motion to determine the sufficiency of Plaintiffs' responses to requests for admissions (Doc. 72) is GRANTED IN PART and DENIED IN PART.

An appropriate Order will follow.

Dated: September 10, 2014                               *s/ Karoline Mehalchick*
                                                                     **KAROLINE MEHALCHICK**
                                                                     **United States Magistrate Judge**