**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LORI MOECK, et al., <br><br> Plaintiffs <br><br> v. <br><br> PLEASANT VALLEY SCHOOL DISTRICT, et al., <br><br> Defendants | CIVIL ACTION NO. 3:13-CV-1305 <br><br> (MUNLEY, J.) <br> (MEHALCHICK, M.J.) |

**MEMORANDUM**

In this case, Plaintiffs assert various civil rights claims, including Fifth and Fourteenth Amendment claims for assault and battery and state created danger, related state law claims for assault and battery and intentional infliction of emotional distress, and also under Title IX of the Education Amendments of 1972 and 20 U.S.C. § 1681(a). Discovery has been ongoing in this matter, which has been referred to the undersigned Magistrate Judge for pretrial management, up to but not including dispositive motions. (Doc. 66). Pending before this Court is Plaintiffs' Motion to Un-Redact Files (Doc. 84). Specifically, Plaintiffs seek the production of un-redacted discovery that had previously been produced by Defendants in redacted form. For the reasons provided below, Plaintiffs' motion is GRANTED.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On January 2, 2014, the parties entered into a Stipulation (Doc. 44) regarding the confidentiality of student records, which outlined the procedure for requesting the release of student records. The Stipulation was approved by the Court by Order dated January 7, 2014. (Doc. 46). Pursuant to the Stipulation, to release student records with names un-redacted,

counsel must notify the students or parents of any minor students, and if a student objects to the release of his or her records, Plaintiffs must file a motion to request the un-redacted records.

Upon request by Plaintiffs for un-redacted copies of documents, in May 2014, counsel for the School District Defendants sent fifty (50) letters with requests for release of student records to the students. As of August 6, 2014, only ten (10) of the students objected. Twenty-six (26) students agreed to the release by either not replying within the specified period[1], or by returning the form indicating consent to release. The remaining fourteen (14) letters were unaccounted for, and as such, it is unknown whether those individuals would consent to or object to the release of records.[2]

On August 26, 2014, following a teleconference on the same date, the Court issued an Order (Doc. 86) directing Plaintiffs to file a motion seeking un-redacted copies of the student records to which objections have been received, along with the records of those students or parents who did not claim the letters. The Court further directed Plaintiffs to provide notice to the objecting students of the motion in accordance with the procedure and form set forth in the Stipulation. As of September 15, 2014, three students responded to that notice, all of whom had previously objected to the release of their records. One student objected and noted that she does not remember anything regarding the alleged incident. A second student objected to the release

---

[1] The pertinent part of the notice states, in bold font, as follows: **"[I]f you fail to return this letter within ten (10) days of the date of this letter, properly completed, you will be deemed to have consented to the disclosure."**

[2] The School District Defendants assert that ten (10) of these fourteen (14) students were not witnesses to the underlying incident in this case, and were only mentioned cursorily in the documents produced. (Doc. 73 at page 2).

of his records, but did consent to the release of his un-redacted deposition with the school. Finally, the parents of the third student who objected maintained their objections to the release of the student's records, but consented to the release of any incident reports, interviews, or other documents pertaining to the alleged incident. This consent wass contingent upon the parents also receiving a copy of these documents.

As directed by the Court, and pursuant to the Stipulation, Plaintiffs have filed a motion to un-redact the files. (Doc. 84). Plaintiffs' position is that they are entitled to view un-redacted copies of any reports or statements of any potential witnesses related to this matter. (Doc. 75). Further, Plaintiffs submit that they need this information in order to understand the statements of the individuals interviewed by Defendants, and to conduct additional discovery requests regarding relevant areas related to Plaintiffs' claims. (Doc. 84). Defendants submit that it would be a violation of Federal Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, to produce un-redacted copies of documents containing the names of students who objected or did not respond to the initial notice. (Doc. 73).

## II. DISCUSSION

FERPA applies to all educational institutions or agencies that receive funds under federal programs administered by the U.S. Commissioner of Education, and establishes minimum standards for the protection of a student's privacy and other rights, and enforces such standards by authorizing the denial of funds to educational institutions and agencies that fail to meet these prerequisites. 20 U.S.C. § 1232g. The provisions of FERPA that are relevant to the instant case are found in 20 U.S.C. § 1232g(b), which pertain to the release of educational records to third-parties. Section 1232g(b)(1) prevents the unrestricted release of a student's education records or any "personally identifiable information" contained in such records to

unauthorized individuals or organizations without the consent of the student and/or parents. *Lei Ke v. Drexel Univ.*, 2014 WL 1100179 (E.D. Pa. Mar. 20, 2014); *see also Mattie v. Johnson*, 74 F.R.D. 498, 501 (N.D. Miss. 1976). Education records are those records or documents maintained by the institution or agency which "contain information directly related to a student." 20 U.S.C. § 1232g(a)(4)(A)(i). "Personally identifiable information" includes: (a) the student's name; (b) the name of the student's parent or other family member; (c) the address of the student or student's family; (d) a personal identifier, such as the student's social security number, student number, or biometric record; (e) other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name; (f) other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or (g) information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates. 34 C.F.R. § 99.3.

When a third-party seeks disclosure of education records covered by FERPA, the trial judge, in exercise of discretion, must conduct a balancing test in which the privacy interests of the students are weighed against the genuine need of the party requesting the information. *Blunt v. Lower Merion Sch. Dist.*, No. 07-3100, 2009 WL 1259100, at *2 (E.D. Pa. May 7, 2009); *Zaal v. State*, 326 Md. 54, 602 A.2d 1247, 1256 (Md. 1992). While FERPA does not create a privilege, it does represent the strong public policy of protecting the privacy of student records. Courts balance the potential harm to the privacy interests of students with the importance and relevance of the sought information to resolving the claims before the court. *See, e.g., Blunt*, 2009 WL 1259100 at *3; *Naglak v. Penn. State Univ.*, 133 F.R.D. 18, 24 (M.D. Pa.1990). When

privileged information or information protected by privacy concerns is withheld, a party is being deprived of relevant information. However, policy concerns sometimes require the withholding of this information over disclosure to a party who argues that the information is needed for his case. *Id.*

This dispute requires the Court to weigh the statutory privacy interest of the students, non-parties to this lawsuit, against the need and relevance of the discovery in Plaintiffs' pursuit of their claims. It is undisputed that the students enrolled in the Defendant School District have a privacy interest in their educational records and data. 20 U.S.C. § 1232g(b)(2)(B); 34 C.F.R. § 99.31(a)(9)(ii). Further, pursuant to FERPA, funds under any applicable program may be withheld from any educational agency or institution that fails to notify parents and students of court orders or subpoenas ordering the release or access to personally identifiable information in educational records. Although neither Defendants nor any of the objecting students have cited any particular concern with the release of the un-redacted statements beyond privacy rights,[3] the Court recognizes that the statutory privacy interest of these students in keeping the statements redacted is great, and that the party seeking access faces a heavy burden in demonstrating a genuine need that outweighs this privacy interest. This is a "significantly heavier burden ... than exists with respect to discovery of other kinds of information, such as

---

[3] For example, *Blunt v. Lower Merion Sch. Dist.*, 2009 WL 1259100 (E.D. Pa. May 7, 2009), parents raised the concern that the release of the records sought could result in societal stigma, or inadvertent online dissemination of the information.

business records ." *Bigge v. Dist. Sch. Bd. of Citrus Cnty., Fla.*, No. 5:11-CV-210-OC-10TBS, 2011 WL 6002927 (M.D. Fla. Nov. 28, 2011)(citing *Rios v. Read*, 73 F.R.D. 589, 598 (E.D.N.Y.1977)). The plaintiffs must "demonstrate a genuine need for the information that outweighs the privacy interests of the students." *Rios v. Read*, 73 F.R.D. at 599.

Against the privacy interests asserted by the students in this case, the Court must consider the importance of the requested information to this lawsuit. Plaintiffs assert claims pursuant to the Fifth and Fourteenth Amendment, for assault and battery and state created danger, related state law claims for assault and battery and intentional infliction of emotional distress, and claims under Title IX of the Education Amendments of 1972 and 20 U.S.C. § 1681(a). There is no doubt that the issues at stake are of the utmost importance. The Court finds that the importance of the information sought justifies the disclosure of the un-redacted discovery. *See Bigge v. Dist. Sch. Bd. of Citrus Cnty., Fla.*, 2011 WL 6002927 , at *1 (placing great weight on the U.S. Department of Education's opinion that the requirements of Title IX override the requirements of FERPA in a direct conflict between them, in determining that enforcement of FERPA would interfere with the primary purpose of Title IX to eliminate sex-based discrimination in schools, and therefore holding that the need for the student's testimony outweighs her concern that her name and contact information be kept confidential).

This conclusion is buttressed by the protections offered by the Stipulation and Order entered on January 7, 2014. Pursuant to this Order, the confidential documents and personally identifiable information derived from such documents shall be used and disclosed solely for the purposes of this litigation (Doc. 46, at page 8). Disclosures should be made only to the minimum extent necessary for this litigation, and in accordance with the terms and conditions of that Order. The parties are required to maintain in a secure manner all confidential

documents and personally identifiable information derived therefrom. These are significant protections that severely limit the scope of persons that will have access to the protected information and minimize the potential for unauthorized release of the information.

In light of the privacy protections afforded by the Stipulation and Order, the potential for harm to the privacy interests of parents and students in the School District is outweighed by the importance of this information to this lawsuit, which centers on the constitutional and statutory rights of children and the alleged violation of those rights by their own School District. As such, the Court will order the production of the un-redacted records of the twenty-six (26) students who agreed to the release by returning the consent forms or by not replying within the specified period. Additionally, the Court will order the production of the un-redacted records of the students who objected to the release, including both those who objected initially, and the three students who filed objections to the notice of the instant motion. Finally, the Court will order the production of the un-redacted records of the students who did not respond to either the initial notice or the instant motion.

However, the un-redacted records of those students who either made objections to the disclosure, or failed to respond to the disclosure, shall not be disseminated to any party or third-party entity until and unless counsel determines that those individuals must be disclosed for purposes of this litigation. Those un-redacted records should be produced to Plaintiffs' counsel marked "For Attorneys Only".  As noted above, the School District Defendants contend that a number of the students identified were not witnesses to the underlying incident. While it recognizes that there is a need for the disclosure of the un-redacted records of these students for purposes of this litigation, the Court urges counsel to use discretion in reviewing these records and in deciding which discovery to pursue so as not to further infringe on any student's privacy

rights unless necessary for purposes of this litigation. Prior to identifying one of these students to a party to this litigation, or for the purposes of conducting further discovery (e.g. a deposition), Plaintiffs' counsel should confer with Defendants' counsel in an attempt to agree on whether or not it is necessary to identify the student. If the parties cannot agree, then counsel shall contact the undersigned to arrange for a teleconference to resolve the dispute over further disclosure.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Un-Redact Files (Doc. 84) is GRANTED.

An appropriate Order will follow.

**Dated: October 7, 2014**                                          *s/ Karoline Mehalchick*
                                                                                           **KAROLINE MEHALCHICK**
                                                                                           **United States Magistrate Judge**